NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| YOLANDA JOHNSON, | |
| Plaintiff, | Civil No. 18-15209 (RBK/KMW) |
| v. | **OPINION** |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant State Farm Fire and Casualty's motion to dismiss Plaintiff Yolanda Johnson's Complaint. (Doc. No. 5.) Defendant seeks to dismiss Plaintiff's bad faith insurance claim and Plaintiff's request for punitive damages, consequential damages, and attorneys' fees. For the reasons below, Defendant's motion is **GRANTED IN PART**.

I.  **BACKGROUND**[1]

This case involves an insurance dispute between Plaintiff and her insurance company. The Complaint is scant at best. (Doc. No. 1, Ex. A ("Compl.").) According to its seven paragraph facts section, Defendant sold Plaintiff a homeowner's insurance policy, and after a pipe ruptured and damaged Plaintiff's property, Plaintiff sought insurance coverage. (*Id.* at ¶¶ 3–7.) Although

---

[1] On this motion to dismiss, the Court accepts as true the facts pled in the Complaint and construes them in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3rd Cir. 2008).

1

Defendant paid some of Plaintiff's claims, Defendant did not pay the full amount, delaying Plaintiff's repairs and leaving portions of her home unlivable. (*Id.* at ¶¶ 8–9.)

Plaintiff then sued Defendant in state court for breach of contract (Count I) and bad faith (Count II). (*Id.* at ¶¶ 10–19.) Plaintiff alleged that Defendant breached its contract with Plaintiff by "failing to pay all amounts due to Plaintiff" under the policy. (*Id.* at ¶ 11.) Plaintiff similarly alleged that Defendant acted in bad faith in several ways. Specifically, Plaintiff claimed that Defendant (1) failed to properly and promptly investigate Plaintiff's claims; (2) denied and delayed her coverage with no debatable reason to do so; (3) violated the Unfair Claims Settlement Practices Act; and (4) unreasonably denied adjusting and paying Plaintiff's claim. (*Id.* at ¶¶ 13–14.) Plaintiff demanded consequential damages, punitive damages, and attorneys' fees and costs. (*Id.* at ¶¶ 12, 18.)

Defendant removed the matter to this Court based on its diversity jurisdiction. (Doc. No. 1 at ¶ 6.) Although Defendant does not challenge Plaintiff's breach of contract claim, Defendant now moves to dismiss Plaintiff's bad faith claim and her requests for punitive damages, consequential damages, and attorneys' fees. (Doc. No. 5 ("Def.'s Br.") at 9.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233). A complaint survives a motion to dismiss if it contains enough factual

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675–79 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss when a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III. DISCUSSION

#### A. Bad faith (Count II)

Plaintiff alleges no facts to plausibly support a claim of a bad faith. To allege bad faith in the insurance context under New Jersey law, a plaintiff must allege facts to plausibly suggest that the insurer (1) did not have a "fairly debatable" reason for its failure to pay the claim, and (2) that the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim. *See Ketzner v. John Hancock Mut. Life Ins. Co.*, 118 Fed. App'x. 594, 599 (3rd Cir. 2004) (citing *Pickett v. Lloyds*, 131 N.J. 457, 474 (1993)). Here, Plaintiff alleges no facts to plausibly suggest that Defendant lacked a fairly debatable reason for denying the claim or that it knew or recklessly disregarded the lack of a reasonable basis for doing so. Plaintiff simply provides bald legal

3

conclusions in claiming that Defendant's failure to pay amounted to bad faith. Because conclusory allegations are not sufficient, Count II is dismissed.

### B. Punitive Damages, Consequential Damages, and Attorneys' Fees

Next, Defendant requests that the Court dismiss "all claims" for punitive damages, attorneys' fees, and consequential damages. (Def.'s Br. at 9.) These, however, are not independent "claims" but simply forms of damages and related costs that may be available if Plaintiff ultimately recovers on an underlying theory of liability. *See New Skies Satellites*, *B.V. v. Home2US Commc'ns, Inc.*, 9 F. Supp. 3d 459, 469–70 (D.N.J. 2014) (explaining that "[d]amages theories and causes of action are separate concepts which should not be confused").

Given the claims that remain at this time, only Plaintiff's prayer for consequential damages survives. Plaintiff cannot recover punitive damages because the only remaining claim is for breach of contract (Count I), and "[w]ith rare exception, punitive damages are not available in an action for a breach of contract." *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 369–70 (1988). Plaintiff alleges no facts to suggest that this case is the rare exception. *See Lewis v. Gov't Employees Ins. Co.*, No. 18-cv-05111, 2019 WL 1198910, at *6 (D.N.J. Mar. 14, 2019) (dismissing punitive damages claim because the complaint did not allege "the type of egregious or otherwise intolerable conduct, outrageous in its character, that would be necessary to support an award of punitive damages" or any facts to support the "special relationship exception" to the general bar against punitive damages in the first-party insurance context).

Nor can Plaintiff recover attorneys' fees as at this time. "Although New Jersey generally disfavors the shifting of attorneys' fees, a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." *Packard-Bamberger & Co. v. Collier*, 167 N.J. 427, 440 (2001) (internal citation omitted). Here, Plaintiff brings no statutory claim that

allows for an award of attorneys' fees. Nor does Plaintiff identify any applicable court rules. To be sure, New Jersey Court Rule 4:42-9(a)(6) allows recovery of counsel fees in an action based on liability or indemnity under a policy of insurance. *See Innes v. Marzano-Lesnevich*, 224 N.J. 584, 592 (2016). But that rule does not apply when, as here, the insured "brings direct suit against his insurer to enforce casualty or other direct coverage." *Auto Lenders Acceptance Corp. v. Gentilini Ford, Inc.*, 181 N.J. 245, 280 (2004) (citing *Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co.*, 145 N.J. 345, 363 (1996)). Finally, Plaintiff cannot recover attorneys' fees based on the parties' contract because Plaintiff has failed to produce it, let alone cite any provision authorizing an award of attorneys' fees in a suit such as this. *See Alpine E. Elec., LLC v. Modern Grp. Ltd.*, No. 17-cv-5726, 2018 WL 3159881, at *1 (D.N.J. Mar. 19, 2018) (dismissing attorneys' fees request in breach of contract action when the plaintiff did not produce the contract or identify provisions allowing for fees).

The Court declines, however, to dismiss Plaintiff's prayer for consequential damages. In breach of contract cases, consequential damages may be available when the parties could have foreseen the loss resulting from a breach when the contract was formed. *See Menorah Chapels At Millburn v. Needle*, 899 A.2d 316, 325 (N.J. App. Div. 2006). With Plaintiff's unchallenged breach of contract claim still in play, Plaintiff may be able to recover consequential damages resulting from the breach.

Defendant's request also fails for a second reason. Defendant's request that the Court dismiss Plaintiff's prayer for consequential damages is confined to a single clause in the conclusion section of its brief, which contains no argument or discussion of why consequential damages are not cognizable here. (Def.'s Br. at 9.) As the movant, Defendant must show why dismissal is appropriate. *See Robinson v. Drug Court, Dep't of Corr.*, No. 17-cv-7135, 2019 WL 1987051, at

*2 (D.N.J. May 6, 2019) ("In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendant bears the burden of showing that no claim has been presented."). Yet Defendant fell short of the mark.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART**, and Plaintiff's bad faith claim (Count II) and prayers for punitive damages and attorneys' fees are **DISMISSED**. An Order shall issue.


Dated: 5/29/2019 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge